IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANGELO MARCELLUS IRVING,

    Plaintiff,

v.                                                               Civil Action No. **3:16CV308**

**ROBERT P. HALL,** *et al.*,

    Defendants.

### MEMORANDUM OPINION

Angelo Marcellus Irving, a former[1] Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action.[2] The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915A. As explained below, Irving's claims lack merit and will be dismissed.

### I.    PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims

---

[1] Irving filed this action while he was incarcerated at Deerfield Correctional Center. (Compl. 1, ECF No. 1.) On August 2, 2016, the Court received notice from Irving that he had been released. (ECF No. 11, at 1.)

[2] The statute provides, in pertinent part:

Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF PLAINTIFF'S ALLEGATIONS

In his Complaint, Irving alleges that Defendants[3] violated his Fourth Amendment[4] rights. Irving alleges:[5]

> Plaintiff Angelo M. Irving claims that his Fourth Amendment rights were violated when Robert P. Hall, officer of Caroline Police Dept. unlawfully used his authority to search and seize him for robbery of an A.B.C. store, and use of a firearm while committing or attempting to commit a robbery, pursuant to the issuance of a uniform traffic stop, as probable cause. There was no probable cause to stop Irving where no victim alleged that they he or she was robbed. And the traffic stop alone could not form the basis for probable cause to search or seize him, where he was accused of robbery and use of a F/A as basis for the [charges].

---

[3] The named Defendants are: Robert P. Hall, an officer with the Sheriff's Department of Caroline County, Virginia, and the Magistrate of Caroline County, Virginia.

[4] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

[5] The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system. The Court corrects the spelling and punctuation in quotations from the Complaint.

3

>   The Magistrate named in the warrant also violated Irving's Fourth Amendment rights upon issuing the warrant without probable cause and remanding him to custody without probable cause as a form of seizure.

(Compl. 4, ECF No. 1.) The exhibits attached to Irving's Complaint indicate that Irving was arrested on the charges to which he refers on December 20, 1983. (ECF No. 1–1, at 1–4.) The Court's records demonstrate that, in 1984, Irving was convicted of armed robbery and use of a firearm in the commission of a felony in the Circuit Court of the County of Caroline, Virginia, and was sentenced to fifteen years of imprisonment. *Irving v. Clarke*, No. 3:14CV571, 2015 WL 4424848, at *1 (E.D. Va. July 17, 2015). Irving seeks $175,000.00 in damages, injunctive relief in the form of a finding "that the defendants have violated the 4th Amend[ment]," and "any other relief the Court deems fit." (Compl. 5.)

>   The Court construes Irving's Complaint to raise the following claims for relief:
>
>   Claim One:  Defendant Hall violated Irving's rights under the Fourth Amendment by (a) conducting a traffic stop without probable cause and (b) lacking probable cause to arrest Irving for armed robbery and use of a firearm. (*Id.* at 4.)
>
>   Claim Two:  Defendant Magistrate violated Irving's rights under the Fourth Amendment by issuing warrants that were not supported by probable cause for Irving's arrest on charges of armed robbery and use of a firearm. (*Id.*)

### III.  ANALYSIS

#### A.  Claims One (b) and Two are Barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)

While not well-articulated, in Claims One (b) and Two, Irving clearly seeks the invalidation or vacation of his criminal conviction. This notion, that Irving can vacate or alter his criminal conviction and obtain monetary damages and injunctive relief stemming from his purportedly improper incarceration, through a civil lawsuit "is legally frivolous under *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases." *Payne v. Virginia*, No. 3:07CV337, 2008

4

WL 1766665, at *2 (E.D. Va. Apr. 17, 2008). In *Heck*, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486–87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

In *Edwards v. Balisok*, the Supreme Court extended *Heck* to civil rights actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement. *See* 520 U.S. 641, 646 (1997). The Supreme Court has explained that *Heck* and its progeny teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

In Claim One (b), Irving contends that Defendant Hall violated his rights under the Fourth Amendment because he lacked probable cause to arrest Irving for charges of armed robbery and use of a firearm. (Compl. 4.) In Claim Two, Irving alleges that Defendant

5

Magistrate violated his rights under the Fourth Amendment by issuing warrants that were not supported by probable cause for Irving's arrest on charges of armed robbery and use of a firearm. Irving does not articulate, and the Court does not discern, how he could prevail on such claims and not simultaneously invalidate the fact of his convictions. *See Edwards*, 520 U.S. at 648; *Heck*, 512 U.S. at 479, 481, 490 (concluding alleged due process violations barred in § 1983 suit); *cf. Brooks v. City of Winston-Salem*, 85 F.3d 178, 183–84 (4th Cir. 1996) (noting that to state a plausible § 1983 claim of malicious prosecution for unreasonable seizure of the person in violation of the Fourth Amendment, the defendant must have "seized [plaintiff] pursuant to legal process that was not supported by probable cause and . . . the criminal proceedings [must have] terminated in [plaintiff']s favor").

Because success on Claims One (b) and Two necessarily implies that his convictions are invalid, under the second prong of the *Heck* analysis, Irving must demonstrate a successful challenge to his convictions. *Heck*, 512 U.S. at 487. Irving makes no such allegations. *See id.* at 486–87. Thus, *Heck* bars Claims One (b) and Two.[6]

### B. Claim One (a) is Untimely

In Claim One (a), Irving contends that Defendant Hall violated Irving's rights under the Fourth Amendment by conducting a traffic stop without probable cause. (Compl. at 4.) The Court recognizes that the Supreme Court has noted that certain Fourth Amendment claims

---

[6] Moreover, the fact that Irving "is no longer in custody does not change this result[, because t]he *Heck* bar is 'not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated.'" *Griffin v. Balt. Police Dep't*, 804 F.3d 692, 696 (4th Cir. 2015) (quoting *Heck*, 512 U.S. at 490 n.10). "A would-be plaintiff who is no longer in custody may bring a § 1983 claim undermining the validity of a prior conviction only if he lacked access to federal habeas corpus while in custody." *Id.* at 697. Irving has not alleged that he lacked access to such while he was in custody. Nor could he, as Irving filed two petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 while he was in custody. *See Irving v. Clarke*, No. 3:14CV571, 2015 WL 4424848, at *2 (E.D. Va. July 17, 2015); Memorandum Opinion, *Irving v. Williams*, No. 3:92CV239 (E.D. Va. July 21, 1993) (ECF No. 25).

potentially may be raised in a § 1983 action. *See Heck*, 512 U.S. at 487 n.7.[7] However, no need exists to extensively explore the applicability of *Heck* to Claim One (a) because, as discussed below, it is barred by the statute of limitations.

Under 28 U.S.C. § 1915A, the Court must dismiss claims which the relevant statute of limitations clearly bars. *Brown v. Harris*, No. 3:10CV613, 2012 WL 12383, at *1 (E.D. Va. Jan. 3, 2012) (citing *Erilline Co. S.A. v. Johnson*, 440 F.3d 648, 655–57 (4th Cir. 2006); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995)). Because no explicit statute of limitations for 42 U.S.C. § 1983 actions exists, the courts borrow the personal injury statute of limitations from the relevant state. *Nasim*, 64 F.3d at 955 (citing *Wilson v. Garcia*, 471 U.S. 261, 266–69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. *See* Va. Code Ann. §8.01-243(A) (West 2016). Thus, Irving should have filed his Complaint within two years from when the underlying claims accrued. "A claim accrues when the plaintiff becomes aware of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond v. Sisk*, No. 3:08CV138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting *Nasim*, 64 F.3d at 955).

Irving filed his Complaint on May 18, 2016.[8] (Compl. 5.) Thus, for Claim One (a) to be timely, it must have accrued after May 18, 2014. In Claim One (a), however Irving challenges a

---

[7] The Court explained:

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in trial resulting in the § 1983 plaintiff's still outstanding conviction. Because of doctrines like independent source and inevitable discovery and especially harmless error, . . . such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful.

*Heck*, 512 U.S. at 487 n.7 (internal citations omitted).


traffic stop that occurred on December 20, 1983, thirty-three years ago. Irving would have been aware of any claim he may have regarding the validity of the traffic stop at that time. *See Anderson v. Keeling*, 71 F. App'x 28, 29 (10th Cir. 2003). Therefore, because it is untimely filed, Claim One (a) will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Irving's claims will be DISMISSED. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 11/15/16
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

---

[8] Irving certifies that he mailed a copy of his Complaint to the Court on that day. *See Lewis v. Richmond Cty. Police Dep't*, 947 F.2d 733, 736 (4th Cir. 1991) (concluding inmate's civil action was filed for statute of limitation purposes when handed to prison officials for filing).